IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRIS TURNER, d/b/a Imagine Home Design, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES AND ASSOCIATES RESIDENTIAL ) <br> DESIGNERS, LLC, JOHN STEPHEN JAMES, ) <br> and KENNY CAMPBELL, ) <br> ) <br> Defendants. ) | Civil No. 3:08-0267 <br> Judge Trauger |

**MEMORANDUM and ORDER**

The defendants have filed a Motion to Dismiss the plaintiff's claims (Docket No. 13), to which the plaintiff has responded in opposition (Docket No. 22). In addition, the plaintiff has filed a Motion to Amend Complaint (Docket No. 23), to which no response has been filed.

The Motion to Amend Complaint (Docket No. 23) is **GRANTED**, and the Amended Complaint attached thereto will be allowed to be filed. The Amended Complaint eliminates state law claims and cures other defects alleged in the Motion to Dismiss. However, remaining is the defendants' request to dismiss the copyright infringement claim, which remains the only claim asserted in the Amended Complaint.

The defendants argue that this court lacks subject matter jurisdiction because the plaintiff has not yet secured copyright registration for the alleged infringing plans set out in the Complaint. The plaintiff concedes that he has not yet secured copyright registrations but asserts that he has applied for them and argues that that is sufficient for this court to have subject matter jurisdiction.

1

Although there is no reported Sixth Circuit case on this issue, the Sixth Circuit has twice held in unreported decisions that copyright registration is a jurisdictional prerequisite to an infringement suit and that, therefore, merely applying for that registration is not sufficient to clothe the court with jurisdiction. *Buemi v. Lewis*, 51 Fed.3d 271, 1995 WL 149107, at *2 (6th Cir., April 4, 1995); *Cawley v. Swearer*, 936 F.2d 572, 1991 WL 108725, at *2 and n.2 (6th Cir., June 20, 1991). A persuasive recent district court opinion within this circuit holds likewise. *See Hawaiian Village Computer, Inc. v. Print Management Partners, Inc.*, 501 F. Supp.2d 951 (E.D. Mich. 2007). Application for copyright registration is not sufficient under 17 U.S.C. § 411(a) to clothe this court with jurisdiction; registration has to actually have been secured prior to the filing of the case.

For these reasons, the defendants' Motion to Dismiss the plaintiff's copyright infringement claim asserted in the Amended Complaint, which this court has allowed to be filed, is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

It is so **ORDERED.**

Enter this 27th day of June 2008.

 _____
 ALETA A. TRAUGER
 U.S. District Judge

2